1  CLIFFORD E. YIN (State Bar No. 173159)
   ZUZANA S. IKELS (State Bar No. 208671)
2  COBLENTZ, PATCH, DUFFY & BASS LLP
   One Ferry Building, Suite 200
3  San Francisco, California 94111-4213
   Telephone: 415.391.4800
4  Facsimile: 415.989.1663
   Email: ef-cey@cpdb.com,
5         ef-zsi@cpdb.com

6  Attorneys for Defendants
   SafeDesk Solutions, Inc. and Phil Autrey
7

8                    **UNITED STATES DISTRICT COURT**

9           **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

10

11 | DATA CAPITAL CORPORATION, a | Case No. C 08-00678 JW (HRL) |
   | California Corporation, | |
12 | | **NOTICE OF REMOVAL OF ACTION** |
   | Plaintiff, | **UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |
13 | | |
   | v. | |
14 | | |
   | SAFEDESK SOLUTIONS, INC., an Oregon | |
15 | Corporation; PHIL AUTREY, an individual; | |
   | DOES 1 through 25, inclusive, | |
16 | | |
   | Defendants. | |
17

18

19         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20         Please take notice that defendants SafeDesk Solutions, Inc. and Phil Autrey (collectively,

21 "Defendants") hereby removes to this Court the state court action described below:

22         1.      On December 10, 2007, an action entitled *Data Capital Corporation v. SafeDesk*

23 *Solutions, Inc., et al.*, Case No. 1-07-CV-100587 was commenced in the Superior Court of the

24 State of California in and for the County of Santa Clara. A copy of the complaint is attached

25 hereto as Exhibit A.

26         2.      Service of the summons and complaint was effected by Defendants' attorney of

27 record signing notices and acknowledgements of receipt under California Code of Civil Procedure

28 section 415.30. Defendants' attorney of record signed the notices and acknowledgements on

1  January 7, 2008, which means that service was effected and completed that day.

2     3.    This notice of removal is filed within 30 days after effectuation of the service of the
3  summons and complaint on Defendants.

## JURISDICTION

5     4.    Defendants may remove this action to this Court pursuant to 28 U.S.C. § 1441(a)
6  and (b) because it is a civil action between citizens of different states and the amount in
7  controversy exceeds $75,000, exclusive of interest and costs.  Consequently, if this action had
8  been filed originally in federal court, this Court would have had original jurisdiction.  (28 U.S.C.
9  § 1332(a)(1).)

10    5.    This is a civil action between citizens of different states.  None of the Defendants
11 are California citizens.

12        A.    Defendants are informed and believe, and thereon allege, that plaintiff Data
13 Capital Corporation is a California corporation with its principal place of business in San Jose,
14 California.  In its complaint, Plaintiff alleged as much.  (Complaint, ¶ 1 ("Plaintiff is a corporation
15 existing and authorized to do business pursuant to the laws of the State of California, maintaining
16 its principal place of business in San Jose, California.").)

17        B.    Defendant SafeDesk Solutions, Inc. was at the time of filing this action, and
18 still is, a foreign corporation organized and existing under the laws of the State of Oregon with its
19 principal place of business in Washington.  Plaintiff Data Capital alleged as much in its complaint.
20 (Complaint, ¶ 2 ("Defendant SafeDesk Solutions, Inc. ("SafeDesk") is an Oregon corporation
21 maintaining its principal place of business in Spokane, Washington.").)

22        C.    Defendant Phil Autrey was at the time of filing this action, and still is, a
23 resident of Washington.  Plaintiff Data Capital alleged as much in its complaint.  (Complaint, ¶ 3
24 ("Defendant Phil Autrey is an individual whom plaintiff is informed and believes and upon that
25 basis alleges, resides in Spokane, Washington.").)

26        D.    The citizenship of the Doe defendants must be disregarded for purposes of
27 determining this Court's diversity jurisdiction under 28 U.S.C. § 1441(b).

28    6.    As alleged in plaintiff's Complaint, the amount in controversy exceeds $75,000.  In

1 four of its claims (for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and interference with advantageous business relationships), plaintiff alleges "plaintiff has sustained damage in a sum which cannot be presently ascertained, but which plaintiff is informed and believes, and upon that basis alleges, exceeds the sum of four million dollars." (Complaint, ¶¶ 15, 19, 23, 28.)

7. Attached as Exhibit B are additional papers mailed by plaintiff to Defendants' attorney of record. This constitutes the entire file on this matter with the Santa Clara Superior Court.

### **INTRA-DISTRICT ASSIGNMENT**

8. The San Jose Division is the appropriate division of this Court since the case is being removed from the Superior Court of the State of California for the County of Santa Clara. (Civil L.R. 3.2(e).)

DATED: January 28, 2008                COBLENTZ, PATCH, DUFFY & BASS LLP

By:     / S /
Clifford E. Yin
Attorneys for Defendants
SafeDesk Solutions, Inc. and Phil Autrey

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is One Ferry Building, Suite 200, San Francisco, California 94111-4213.

On January 28, 2008, I served true copies of the following document(s) described as

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

on the interested parties in this action as follows:

Julian Pollok
Law Offices of Julian A. Pollok,
A Professional Corporation
1000 Wilshire Boulevard, Suite 620
Los Angeles, California 90017-2463
Telephone: (213) 688-7795
Telecopier: (213) 688-1080

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Coblentz, Patch, Duffy & Bass LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FAX TRANSMISSION:** I faxed a copy of the document(s) to the persons at the fax numbers listed in the Service List. The telephone number of the sending facsimile machine was 415.989.1663. No error was reported by the fax machine that I used.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

☐ **BY MESSENGER SERVICE:** I enclosed said document(s) in an envelope or package, addressed as shown below, and dispatched a messenger from my place of business with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving a true copy thereof with the person whose name is shown or the person who apparently was in charge of that person's office or residence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 28, 2008, at San Francisco, California.

/s/
Debra L. Singleton