CLIFFORD E. YIN (State Bar No. 173159)
ZUZANA S. IKELS (State Bar No. 208671)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-cey@cpdb.com,
ef-zsi@cpdb.com

Attorneys for Defendants
SafeDesk Solutions, Inc. and Phil Autrey

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 . FAX 415.989.1663

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

DATA CAPITAL CORPORATION, a California Corporation,

Plaintiff,

v.

SAFEDESK SOLUTIONS, INC., an Oregon Corporation; PHIL AUTREY, an individual; DOES 1 through 25, inclusive,

Defendants.

Case No. C 08-00678 JW (HRL)

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**[F.R.C.P. 8(a), 12(b)(1) and (6), 12(e) & 12(f)]**

**Date:** **April 7, 2008**
**Time:** **9:00 a.m.**
**Courtroom:** **8, Fourth Floor**
**Judge:** **Hon. James Ware**

13243.001.784860v3 Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ....1

STATEMENT OF THE ISSUES PRESENTED ....1

INTRODUCTION....2

THE FACTUAL ALLEGATIONS ....2

ARGUMENT ....4

I. STANDARD OF REVIEW. ....4

II. THE COMPLAINT SHOULD BE DISMISSED ON THE GROUNDS THAT THERE IS NO PRESENT CASE OR CONTROVERSY. ....5

III. EACH OF PLAINTIFF'S CLAIMS IS SUBSTANTIVELY DEFECTIVE. ....6

A. Because The IP Agreement Requires SafeDesk To Continue To Use, Market And Profit From Its IP Assets, The First Three Claims Fail On Their Face. ....7

1. The First Claim For Declaratory Relief Must Be Dismissed Because There is No Actual And Present Controversy. ....7

2. The Second Cause of Action, For Breach Of Contract, Is Contradicted By The IP Agreement. ....8

3. The Third Cause Of Action, For Breach of Implied Covenant of Good Faith and Fair Dealing, Is Insufficiently Pled. ....9

B. The Fourth Cause of Action Should Be Dismissed With Prejudice Because Plaintiff Fails To Allege Facts Supporting The Existence Of A Fiduciary Duty. ....10

C. The Fifth Cause Of Action, For Interference With Advantageous Business Relationship, Should Be Dismissed With Prejudice Because Plaintiff Cannot Plead Critical Elements. ....11

D. The Sixth Cause of Action Should Be Dismissed Because There is No "Claim" For Injunctive Relief. ....14

IV. THE FOURTH REMEDY IN THE PRAYER FOR RELIEF SHOULD BE STRICKEN. ....14

CONCLUSION ....15

13243.001.784860v3 i Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Allstate Ins. Co. v. Smith*, 929 F.2d 447 (9th Cir. 1991) ... 8

*American States Ins. Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994) ... 5

*Batt v. City and County of San Francisco*, 155 Cal.App.4th 65 (2007) ... 14

*Bentley v. Mountain*, 51 Cal.App.2d 95 (1942) ... 9

*Bradley v. Google, Inc.*, 2006 U.S. Dist. LEXIS 94455 (N.D. Cal. 2006) ... 13

*Calderon v. Ashmus*, 523 U.S. 740 (1998) ... 7

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371 (1990) ... 10

*City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000) ... 5

*Clinton v. Acequia, Inc.*, 94 F.3d 568 (9th Cir. 1996) ... 5

*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197 (1983) ... 10

*Computer Sciences Corp. v. Computer Assocs. Int'l, Inc.*, 1999 U.S. Dist. LEXIS 21803, *71 (C.D. Cal. August 12, 1999) ... 12

*Conley v. Gibson*, 355 U.S. 41 (1957) ... 4

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376 (1995) ... 12

*GAB Bus. Servs. v. Lindsey & Newsom Claim Servs.*, 83 Cal.App.4th 409 (2000) ... 11

*Gasperini v. Center for Humanities*, 518 U.S. 415 (1996) ... 8

*Gen-Probe, Inc. v. Amoco Corp.*, 926 F.Supp. 948 (S.D. Cal. 1996) ... 4

13243.001.784860v3 ii Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

*Gladwell Governmental Servs. v. County of Marin*,
2005 U.S. Dist. LEXIS 42276, *4-5 (N.D. Cal Oct. 15, 2005)............................................ 7

*Gleichauf v. Ginsberg*,
859 F.Supp. 229 (S.D. W. Va. 1994) ....................................................................................... 6

*Grid Systems Corp. v. Texas Instruments, Inc.*,
771 F.Supp. 1033 (N.D. Cal. 1991) ......................................................................................... 4

*Guz v. Bechtel National Inc.*,
24 Cal.4th 317 (2000)................................................................................................................ 9

*Harris v. Rudin, Richman & Appel*,
74 Cal.App.4th 299 (1999)........................................................................................................ 8

*Kasparian v, County of Los Angeles*,
38 Cal.App.4th 242 (1995)...................................................................................................... 13

*Kelly v. L. L. Cool J.*,
145 F.R.D. 32 (S.D.N.Y. 1992)................................................................................................ 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal.4th 1134 (2003)............................................................................................................ 13

*Love v. Fire Ins. Exchange*,
221 Cal.App.3d 1136 (1990)..................................................................................................... 9

*Maguire v. Hibernia Sav. & Loan Soc.*,
23 Cal.2d 719 (1944)................................................................................................................. 8

*Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*,
271 F.3d 825 (9th Cir. 2001)............................................................................................ 13, 14

*McMillin Scripps North Partnership v. Royal Ins. Co.*,
19 Cal.App.4th 1215 (1993)...................................................................................................... 9

*Murphy v. White Hen Pantry Co.*,
691 F.2d 350 (7th Cir. 1982)..................................................................................................... 9

*Nichols v. Canoga Industries*,
83 Cal.App.3d 956 (1978)......................................................................................................... 9

*Otworth v. Southern Pac. Transportation Co.*,
166 Cal.App.3d 452 (1988)....................................................................................................... 8

*Paramount Pictures Corp. v. RePlayTV*,
298 F.Supp.2d 921 (2004)......................................................................................................... 6

*Pasadena Live v. City of Pasadena*,
114 Cal.App.4th 1089 (2004)................................................................................................... 10

*Principal Life Ins. Co. v. Robinson*,
394 F.3d 665 (9th Cir. 2005)..................................................................................................... 5

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

13243.001.784860v3 iii Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

*Quelimane Co. v. Stewart Title Guaranty Co.*,
19 Cal.4th 26 (1998)........................................................................................ 13

*Sega Enterprises, Ltd. v. Accolade, Inc.*,
1992 U.S. District LEXIS 4621 (N.D. Cal. 1992) ............................................................ 6

*Shell Oil Co. v. Richter*,
52 Cal.App.2d 164 (1942)........................................................................................ 14

*Silicon Knights, Inc. v. Crystal Dynamics*,
983 F.Supp. 1303 (N.D.Cal. 1997) ................................................................ 12, 13

*Smilecare Dental Group v. Delta Dental Plan*,
88 F.3d 780 (9th Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996) ....................................... 5

*Societe de Conditionnement en Aluminum v. Hunter Engineering Co.*,
655 F.2d 938 (9th Cir. 1981)........................................................................................ 6

*Sutliff, Inc. v. Donovan Cos.*,
727 F.2d 648 (7th Cir. 1984)..................................................................................... 4, 5

*West v. Secretary of the DOT*,
206 F.3d 920 (9th Cir. 2000)..................................................................................... 5, 6

*Western Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981)........................................................................................ 5

*Woods v. Asset Res.*,
2006 U.S. Dist. LEXIS 94325, *20 (E.D. Cal. Dec. 21, 2006)........................................... 8

*Zumbrun v. University of Southern California*,
25 Cal.App.3d 1 (1972)........................................................................................ 11

**STATUTES**

Federal Rule of Civil Procedure 12(b) ................................................................ 1, 4, 5

Federal Rule of Civil Procedure 12(e) ..................................................................... 1, 6

Federal Rule of Civil Procedure 12(f)...................................................................... 1, 14

Federal Rule of Civil Procedure 8(a) ....................................................................... 1, 4

**OTHER AUTHORITIES**

4 Witkin, *California Procedure*, Pleadings §§ 481, 483, 484, 495, p. 585, and 498, pp. 572-587 (1996) ........................................................................................ 9

Alan Wright, *et al.*, *Federal Practice and Procedure* § 1216 at 156-59 (1990)............................. 4

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

13243.001.784860v3 iv Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF DATA CAPITAL CORPORATION AND TO ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on April 7, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Courtroom 8, on the fourth floor, before the Honorable James Ware, defendants SafeDesk Solutions, Inc. and Phil Autrey (collectively "defendants") move this Court to dismiss the Complaint for failure to state an actual case or controversy and for failure to state a claim upon which relief can be granted; or, in the alternative, for a more definite statement, and to strike a portion of the Complaint, pursuant to Rules 8(a), 12(b)(1), 12(b)(6), 12(e) and 12(f) of the Federal Rules of Civil Procedure.

The Court should dismiss this action because each claim in the Complaint, for declaratory relief, breach of contract, breach of fiduciary duty, interference with advantageous business relationships, and injunctive relief, (a) does not present an actual case or controversy and is therefore unripe, and (b) is missing requisite elements and/or factual allegations. Alternatively, defendants move for a more definite statement. Defendants also move to strike the fourth request for relief in plaintiff's prayer.

This Motion will be based on this Notice of Motion, Motion and Memorandum in Support, the pleadings and papers on file herein, and such other and further argument as may be presented at the hearing on this Motion.

**STATEMENT OF THE ISSUES PRESENTED**

Whether the Complaint should be dismissed because each claim fails to present an actual case or controversy and fails to state a claim upon which relief can be granted.

Whether plaintiff's prayer for injunctive relief and a temporary restraining order should be stricken from the Complaint on the grounds that it is not founded on a legally cognizable claim.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**INTRODUCTION**

Defendants move to dismiss the Complaint (and each cause of action in it) because it is bereft of even one charging allegation that gives rise to a legally cognizable claim. Each of the claims asserted by plaintiff are founded on the same hypothetical — that a potential customer *might not* accept the parties' joint proposal and, potentially, that SafeDesk *might* then seek to do business with that customer separately. An action cannot be initiated based upon a company's conjecture that certain future conduct may injure it. Even if it could be, the relevant agreement expressly permits SafeDesk to do the very things about which plaintiff complains.

Plaintiff's claims — for declaratory relief, breach of contract, breach of the implied covenant of fair dealing, breach of fiduciary duty, interference with advantageous business relationships, and injunctive relief — do not meet basic pleading requirements. There is no actual or present controversy between the parties necessitating declaratory relief from the Court. The claims for breach of contract, implied covenant of fair dealing and interference with prospective economic relationships are negated by the express terms of the parties' agreement. SafeDesk is *required* to continue to use and profit from its intellectual property assets, and "preserve and enhance" its business relationships. As for the breach of fiduciary duty claim, it must be dismissed because defendants are not plaintiff's fiduciaries. And, finally, there is no claim for "injunctive relief."

This action reflects a misperception of the parties' relationship and a premonition of facts and injuries that have not occurred. Plaintiff does not have any legally cognizable claims against defendants. The Complaint should be dismissed in its entirety.

**THE FACTUAL ALLEGATIONS**

Although defendants vigorously deny the allegations of the Complaint, for purposes of this motion, they will assume them to be true.

Plaintiff describes itself as a provider of "IT management solutions and services for large government and telecommunications companies." Complaint, ¶ 5. SafeDesk and its president, Phil Autrey, are in the business of, among other things, developing software. *Id*. In 2007, Data Capital approached defendants seeking to acquire all of their intellectual property. On or about

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

June 8, 2007, the parties entered into the IP Asset Sale and Purchase Agreement (the "IP Agreement") (Complaint, ¶ 6), which is attached as Exhibit 1 to the Complaint.

Plaintiff alleges that SafeDesk transferred all of its intellectual property ("IP") to plaintiff under the IP Agreement, the effect of which, plaintiff contends, is that SafeDesk forfeited all rights to use or profit from the IP thereafter. *Id.*, ¶¶ 6, 11, 14. The IP Agreement, however, states that SafeDesk was granted an eighteen month license to continue to use its IP to, among other things, "generate revenue in *SafeDesk's name* consistent with the below indicated revenue growth in Article III Paragraph 5 . . .." *Id.*, Article III, ¶ 3 (emphasis added). Article III, paragraph 5 states that if SafeDesk hits certain revenue benchmarks from that use, defendants will receive additional stock from Data Capital. Article VIII similarly provides that when Mr. Autrey becomes an employee at Data Capital (at the end of the 18 month license), his salary will be calculated based upon SafeDesk's revenue. Finally, the IP Agreement states: "[d]uring the pendency of this Agreement, SafeDesk and Autrey will carry on its business activities in substantially the same manner as previously carried out and will use their reasonable efforts to preserve and enhance existing relationships with vendors, *customers and others having business relationships with Seller*." *Id.*, Article X (emphasis added). In other words, the IP Agreement not only allowed, it *required* SafeDesk to continue to use, market and license its IP assets and build its business in the same manner as it had prior the IP Agreement.

The following month, SafeDesk and Data Capital began negotiating with British Telecommunications PLC ("BT") (which is not a party to this action) to license or sell certain of SafeDesk's intellectual property to BT. *Id.*, ¶ 7. Data Capital does not allege that BT was plaintiff's prior customer or that Data Capital originated the relationship. Data Capital alleges only that the parties submitted a joint proposal to BT. *Id.*, ¶ 8. Plaintiff admits that BT has yet to accept or reject the offer submitted by both parties, and nowhere in the Complaint does plaintiff allege that BT has entered into a separate agreement with defendants. Instead, plaintiff conjectures that,

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

because the IP Agreement was rescinded, Safedesk *might* attempt to "usurp" the BT business.[1] *Id.*, ¶ 9.

## ARGUMENT

### I. STANDARD OF REVIEW.

The Complaint must be dismissed under Rule 8(a)(2) of the Federal Rules of Civil Procedure because it does not provide fair notice of defendants' actual misconduct that supports any of the claims in this litigation. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a plaintiff give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although Data Capital is not required to plead with particularity, "mere boilerplate sketching out the elements of a cause of action" is not sufficient. *Gen-Probe, Inc. v. Amoco Corp.*, 926 F.Supp. 948, 961 (S.D. Cal. 1996).

Federal Rule of Civil Procedure 8(a) may have simplified the rules governing pleadings, but it nonetheless contemplates that a party will plead the statement of circumstances, occurrences, and events in support of the claim. *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984); Alan Wright, *et al.*, *Federal Practice and Procedure* § 1216 at 156-59 (1990) (complaint must contain "either direct allegations on every material point necessary to sustain a recovery on any legal theory . . . or allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial"). As the court stated in *Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F.Supp. 1033, 1037 (N.D. Cal. 1991), "[e]ffective notice pleading should provide the defendant with a basis for assessing the initial strength of the plaintiff's claim, for preserving relevant evidence, for identifying any related counter- or cross-claims, and for preparing an appropriate answer."

The Complaint must also be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it is bereft of the necessary factual allegations to support any of its claims. The

---

[1] The IP Agreement was in fact rescinded by both parties, which was confirmed in writing by both Data Capital as well as its counsel. If this matter moves past the pleading stage, plaintiff will file a Cross-Complaint that will include, *inter alia*, a claim for rescission.

13243.001.784860v3 4 Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

Court may dismiss a complaint or portion thereof as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996) (citations omitted). Although the Court must accept well-pleaded factual allegations as true for purposes of Rule 12(b)(6), it need not accept any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in factual terms. *See Western Mining Council v. Watt*, 643 F.2d 618, 623- 624 (9th Cir. 1981). Conclusory allegations are insufficient because they provide no information with which to determine whether the plaintiff's grievance arises under a legal theory for which the law affords a remedy. *Sutliff*, 727 F.2d at 654.

## II. <u>THE COMPLAINT SHOULD BE DISMISSED ON THE GROUNDS THAT THERE IS NO PRESENT CASE OR CONTROVERSY</u>.

Plaintiff's allegations do not give rise to an actual or present controversy and, accordingly, defendants move to dismiss this claim because the court "lacks jurisdiction over the subject matter," pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Article III, section 2 of the Constitution, federal courts have subject matter jurisdiction only over "cases" and "controversies." The doctrine of ripeness serves as a limitation on whether a matter may be considered a justiciable "case or controversy." *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *Clinton v. Acequia, Inc*., 94 F.3d 568, 572 (9th Cir. 1996) ("a case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur").

In determining whether declaratory relief can be granted, an inquiry must be made as to whether there is a case or controversy between the parties. *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 669 (9th Cir. 2005); *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994). In order for a case to be justiciable under Article III of the Constitution, it must be ripe for review. *Kearns*, 15 F.3d at 144. A controversy must be definite and concrete, touching the legal relations of the parties having adverse legal interests. *West v. Secretary of the DOT*, 206 F.3d 920, 924 (9th Cir. 2000). It must be a real and substantial controversy, admitting of a specific relief

13243.001.784860v3 5 Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. *Id*.

The Ninth Circuit has held that something less than an "actual threat" of litigation is required to meet the "case or controversy" requirement; instead, courts must focus on whether a declaratory plaintiff has a "reasonable apprehension" that he or she will be subjected to liability. *Paramount Pictures Corp. v. RePlayTV*, 298 F.Supp.2d 921, 924 (2004) (*citing Societe de Conditionnement en Aluminum v. Hunter Engineering Co.*, 655 F.2d 938, 944 (9th Cir. 1981).).

Article III prohibits courts from rendering advisory opinions based on hypothetical facts. Plaintiff is effectively asking the Court to do just that, namely, resolve several claims based on events that have yet to happen, and may never happen. The Complaint is premised on several conjectures, all of which must occur before a claim is ripe; namely, that BT might reject the parties' joint proposal, that defendants might seek to do business with BT separately, and that BT might decide to do business with defendants. Of course, plaintiff does not allege that any of these things have happened. In the absence of a present live controversy, there can be no legally cognizable interest in the outcome of the case. The entire Complaint should be dismissed.

## III. EACH OF PLAINTIFF'S CLAIMS IS SUBSTANTIVELY DEFECTIVE.

Plaintiff's pleading cannot meet federal pleading standards. It would appear that plaintiff has not pleaded the requisite level of detail because it cannot do so. The Complaint reveals that each claim against defendants is legally infirm.[2]

---

[2] For these reasons, defendants move, in the alternative, for a more definite statement; the allegations are so vague and ambiguous that defendants are unable to frame a responsive pleading. Fed. R. Civ. P. 12(e); *see also Gleichauf v. Ginsberg*, 859 F.Supp. 229, 233 (S.D. W. Va. 1994) (complaint so vague and ambiguous, defendants could not be expected to sufficiently respond); *see, e.g., Sega Enterprises, Ltd. v. Accolade, Inc.*, 1992 U.S. District LEXIS 4621 (N.D. Cal. 1992) (granting Rule 12(e) motion to amend vague and ambiguous complaint alleging copyright infringement to specify particular "other works", acts constituting infringement of those works, and dates when infringement occurred.). Where Plaintiff's complaint fails to comply with Rule 8 to reasonably enable defendant to answer, a motion for more definite statement should be granted. *Kelly v. L. L. Cool J.*, 145 F.R.D. 32, 35-36 (S.D.N.Y. 1992).

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**A. Because The IP Agreement Requires SafeDesk To Continue To Use, Market And Profit From Its IP Assets, The First Three Claims Fail On Their Face.**

The first three claims for relief, for declaratory relief, breach of contract and breach of the implied covenant of good faith and fair dealing, are all premised upon a misreading of the IP Agreement. Plaintiff contends that the IP Agreement precludes SafeDesk from using its own IP or doing any business with any of its own customers or potential customers. Complaint, ¶ 11.

The IP Agreement says no such thing. It expressly grants SafeDesk a license to use its IP assets and continue to "preserve and enhance" its business relationships for itself and "generate revenue in Safedesk's *name*." Exh. 1, Art. III, ¶ 3, Art. X, ¶ 1 (emphasis added). Accordingly, to the extent that the IP Agreement remains in effect, then that license – which is part and parcel of that Agreement – permits the very conduct about which plaintiff now complains. Plaintiff does not allege that the license has been terminated, either because SafeDesk has dissolved or been integrated into Data Capital or because the 18 month window has expired; in fact, since the parties entered into that agreement in June 2007 (Complaint, ¶ 6), the license does not expire for another year. Exh. 1, Article III, ¶ 3. Therefore, if the IP Agreement remains in effect, the inevitable consequence is that SafeDesk clearly has the right to: (a) use those assets now; (b) generate revenues from that use; and (c) otherwise carry on its business activities and enhance its relationships with those with whom it has business relationships, including BT.

The very terms and conditions of the IP Agreement dictate that the first three claims should be dismissed with prejudice.

**1. The First Claim For Declaratory Relief Must Be Dismissed Because There is No Actual And Present Controversy.**

The fundamental basis of a declaratory relief action is the existence of an actual, and consequently, present controversy over a proper subject. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (holding that declaratory judgment does not lie as to validity of defense that might or might not be raised in future proceeding); *Gladwell Governmental Servs. v. County of Marin*, 2005 U.S. Dist. LEXIS 42276, *4-5 (N.D. Cal Oct. 15, 2005) (dismissing declaratory relief claims because they were based on theoretical future events that do not create a "present live controversy"); *see*

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

*also citing Maguire v. Hibernia Sav. & Loan Soc.*, 23 Cal.2d 719 (1944)).[3]

Data Capital's purported "controversy" is whether defendants are allowed to: (1) use the SafeDesk IP, and, if they do, whether they are entitled to (2) "benefit" from that use, and (3) potentially "benefit" from any business relationship with BT. Complaint, ¶ 11. But this is neither an actual nor a ripe controversy. The IP Agreement allows defendants to do *all* of those things. *Cf*. Complaint at ¶ 11 *to* Exh. 1, Art. III, ¶ 3, Art. X, ¶ 1. Moreover, the Complaint does not allege that defendants have actually benefited from the IP assets through doing business with BT, or anyone else. There is, therefore, no "present" or ripe controversy. The declaratory relief claim should be dismissed with prejudice.

**2. The Second Cause of Action, For Breach Of Contract, Is Contradicted By The IP Agreement.**

"To state a cause of action for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage." *Harris v. Rudin, Richman & Appel*, 74 Cal.App.4th 299, 307 (1999). "[*T*]*he terms must be set out verbatim* in the body of the complaint or a copy [. . .] attached and incorporated by reference." *Woods v. Asset Res.*, 2006 U.S. Dist. LEXIS 94325, *20, 21 (E.D. Cal. Dec. 21, 2006) (emphasis added) (dismissal of contract claim because it failed to give adequate notice of the "precise contractual basis of the claim"); *Otworth v. Southern Pac. Transportation Co.*, 166 Cal.App.3d 452, 459 (1988).

The agreement that plaintiff invokes contains none of the provisions that Data Capital ascribes to it. The "breach should be assigned *in the words of the contract*, or in words co-extensive with the sense and effect of it." 4 Witkin, *California Procedure*, Pleadings §§ 481, 483,

[3] For purposes of this motion to dismiss, California law applies. Because this is a diversity suit, the Court applies the substantive law of California. *Gasperini v. Center for Humanities*, 518 U.S. 415, 427 (1996); *Allstate Ins. Co. v. Smith*, 929 F.2d 447, 449 (9th Cir. 1991). The Complaint arises from and is based on the IP Agreement, which contains a California choice of law provision. Exh. 1, Art. XII, ¶ 5. Defendants reserve all rights with respect to what law applies to their counter-claims.

13243.001.784860v3 8 Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

484, 495, p. 585, and 498, pp. 572-587; *see also Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 352 (7th Cir. 1982) (complaint too unspecific to allege, "even by implication," breach of contract); *Bentley v. Mountain*, 51 Cal.App.2d 95, 98 (1942) (general averments that defendants violated contract insufficient; facts of violation must be stated).

Plaintiff cannot base its contract claim on any actual provision in the IP Agreement. It therefore invents one: that SafeDesk was not allowed to use its IP or try and do business with its own customers or potential customers, including BT. Complaint, ¶ 14. The IP Agreement, however, not only authorizes SafeDesk to do so, it explicitly requires SafeDesk to do so, including to ensure defendants will receive additional compensation from Data Capital. *Cf.* Ex. 1, ¶ 3 and Art. X. *See Nichols v. Canoga Industries*, 83 Cal.App.3d 956, 965 (1978) (where the written agreement is attached, the actual terms therein control over a plaintiff's attempts to characterize it.). How is SafeDesk supposed to generate sales revenue or eliminate debt if it is barred from using the IP assets and entering into contracts in its own name? This action is either a clumsy attempt to retreat from the parties' previous decision to unwind their relationship or is an anti-competitive tactic designed to interfere with and frustrate SafeDesk's ability to do business and perform its obligations under the IP Agreement. The threadbare allegations of breach of contract do not state a claim. The Court should dismiss this claim with prejudice.

**3. The Third Cause Of Action, For Breach of Implied Covenant of Good Faith and Fair Dealing, Is Insufficiently Pled.**

The covenant of good faith and fair dealing is "'implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which . . . frustrates the other party's rights to the benefits of the contract.'" *McMillin Scripps North Partnership v. Royal Ins. Co.*, 19 Cal.App.4th 1215, 1222 (1993), *quoting Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1153 (1990) (emphasis in original). The covenant thus cannot be endowed with an existence independent of its contractual underpinnings. *Guz v. Bechtel National Inc*., 24 Cal.4th 317, 349 (2000).

The Complaint contains no allegation that defendants refused to discharge *actual* contractual duties. The only breaches alleged in this cause of action are the same ones alleged in

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

the breach of contract claim. *Cf*. Complaint, ¶¶ 14 *to* 18. That being the case, there can be no claim for breach of the implied covenant. "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal.App.3d 1371, 1395 (1990); *see also Pasadena Live v. City of Pasadena*, 114 Cal.App.4th 1089, 1094 (2004) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with *the express terms of the contract*, and cannot be extended to create obligations not contemplated by the contract.").

In addition, because plaintiff's breach of contract claim is defective, the third cause of action fails as well. This claim, just like the breach of contract claim, is contradicted by the terms of the written agreements. The implied covenant of good faith and fair dealing cannot be used to impose obligations "beyond those to which the contract parties actually agreed." *Guz*, 24 Cal.4th at 349; *see also Pasadena Live v. City of Pasadena*, 114 Cal.App.4th 1089, 1094 (2004) (sustaining demurrer where express terms in written contract did not support plaintiff's interpretation of breached provision; good faith and fair dealing claim was also, therefore, insufficiently pled).

The breach of implied covenant claim, which ignores the actual contract and invents obligations and restrictions found nowhere in it, should be dismissed with prejudice.

**B. <u>The Fourth Cause of Action Should Be Dismissed With Prejudice Because Plaintiff Fails To Allege Facts Supporting The Existence Of A Fiduciary Duty</u>.**

Data Capital alleges that defendants owed it a fiduciary duty by virtue of the IP Agreement. But a plaintiff cannot plead a fiduciary duty claim simply by offering the legal conclusion that a fiduciary duty existed, or that it arose from a contract. It must plead *facts* which give rise to a fiduciary duty. *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 221 (1983). There are two types of fiduciary duties: those imposed by law and those undertaken by agreement. Fiduciary duties are imposed by law in certain legal relationships, *e.g.*, attorney and client, husband and wife, trustee and beneficiary, and guardian and ward. *GAB Bus.*

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

*Servs. v. Lindsey & Newsom Claim Servs.*, 83 Cal.App.4th 409, 416 (2000). A fiduciary duty arises by agreement where one person "knowingly undertake[s] to act on behalf and for the benefit of another." *Committee on Children's Television*, 35 Cal.3d at 221.

Plaintiff does not allege that it had the type of legal relationship with either defendant that would impose a fiduciary duty by law. Nor does plaintiff allege that either defendant undertook an obligation to act on its behalf or for its benefit.

Data Capital's fiduciary duty claim is based on one conclusory statement that "[a]s a result of the agreements and obligations of the parties as set forth in the Agreement, and also as the result of the joint proposal being prepared and submitted to BT, defendants became fiduciaries of plaintiff and owe plaintiff the obligations of fiduciaries." Complaint, ¶ 21. This allegation does not suffice to create a fiduciary duty. There is no allegation that either Mr. Autrey or Safedesk agreed to accept fiduciary obligations to plaintiff. "The mere placing of a trust in another person does not create a fiduciary relationship." *Zumbrun v. University of Southern California*, 25 Cal.App.3d 1, 13 (1972).

The Complaint does not contain any facts suggesting the existence of any agency, let alone an exclusive agency relationship between plaintiff and defendants. The IP Agreement specifically negates the assertion that defendants agreed to work exclusively for plaintiff, or that they were prohibited from conducting business for themselves. In fact, the IP Agreement required the opposite. That contract explicitly allows SafeDesk to continue to act on its own behalf in preserving and enhancing its business to increase its profit and compensation from plaintiff. Exh. 1, Article X, ¶ 1. In addition, plaintiff's admission that the presentation by both parties to BT was a "*joint*" proposal (Complaint, ¶ 8), contradicts Data Capital's claim that SafeDesk could only act on Data Capital's behalf. There is nothing in the IP Agreement, in fact, that would support an inference that defendants were *not* free to pursue customers, such as BT, or any other business.

The fourth cause of action should be dismissed with prejudice.

**C. <u>The Fifth Cause Of Action, For Interference With Advantageous Business Relationship, Should Be Dismissed With Prejudice Because Plaintiff Cannot Plead Critical Elements</u>.**

The Complaint alleges that defendants interfered with the business relationship between

13243.001.784860v3 11 Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

plaintiff and BT in "attempting to usurp the business opportunity represented by that relationship. . . . and by attempting to exclude plaintiff from benefitting from that relationship." Complaint, ¶ 27. This claim is based upon the identical allegations that Data Capital relies upon in its breach of contract claim. As a result, it is defective for the same reasons as well as additional ones.

To state a claim for intentional interference with prospective economic advantage, the plaintiff must allege: (1) the existence of a specific economic relationship between the plaintiff and third parties that may economically benefit the plaintiff; (2) knowledge by the defendant of the relationship; (3) intentional acts by the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to the plaintiff. *Silicon Knights, Inc. v. Crystal Dynamics*, 983 F.Supp. 1303 (N.D.Cal. 1997). The California Supreme Court has held that "[a] plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 392 (1995).

Data Capital does not allege at least three required elements: the existence of the required economic relationship; actual disruption of that relationship; and conduct interfering with that relationship that was independently wrongful.

Data Capital must allege that it had a business relationship with BT that contained a "probability of future economic benefit" to it. "The law precludes recovery for overly speculative expectancies by initially requiring proof the business relationship contained 'the probability of future economic relationship.'" *Silicon Knights*, 983 F.Supp. at 1311. A "hypothetical" relationship "not developed at the time of the allegedly tortious act" is insufficient. *Id.* at 1311. Rather, the plaintiff must demonstrate with "reasonable certainty that, absent defendant's interference, a formal business relationship would have been consummated." *Computer Sciences Corp. v. Computer Assocs. Int'l, Inc.*, 1999 U.S. Dist. LEXIS 21803, *71 (C.D. Cal. August 12, 1999). Data Capital does not allege that, but for SafeDesk's conduct, it would have consummated

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

a relationship with BT. All it alleges is that the parties "began communications" with BT, entered into a confidentiality agreement with it, and *jointly* submitted a proposal. According to the Complaint, BT is still considering it. Complaint, ¶ 8 (parties will get millions "if the proposal to BT is accepted").

Data Capital also has not alleged, and cannot allege, any disruption to the relationship. To state a claim for interference with economic relations – whether negligent or intentional – the plaintiff must allege that an actual breach or disruption of the economic relationship resulted from the alleged interference. *See Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 55 (1998). Data Capital does not allege that BT rejected the parties' proposal; it does not even allege that BT rejected it *because of SafeDesk's conduct*. The intentional interference claim is both improperly pled and premature. *Silicon Knights*, at 1311 (complaint fails to assert facts sufficient to support a claim for intentional interference with prospective economic advantage "since there is no factual allegation in the complaint that [plaintiff's] relationship with Activision was actually disrupted as a result of [defendants'] acts . . .").

Data Capital has also failed to allege the requisite wrongful conduct. An act is independently wrongful if it "is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1159 (2003). "An act is not independently wrongful merely because defendant acted with an improper motive." *Korea Supply Co*, 29 Cal.4th at 1158. In its complaint, Data Capital alleged no such wrongful conduct. For example, it alleges no violation of any statutes, regulations, constitutional provisions, or other legal standards.

Data Capital's claim is also deficient because it admits that SafeDesk is a party to the relationship that is the subject of the claim. A claim for interference with prospective business advantage cannot be brought against a party to the relationship which has allegedly been disrupted. *Bradley v. Google, Inc.*, 2006 U.S. Dist. LEXIS 94455 (N.D. Cal. 2006); *see also Kasparian v, County of Los Angeles*, 38 Cal.App.4th 242, 262 (1995). Stated another way, the intervening party must be "a third-party stranger" to the contract. *See Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 832 (9th Cir. 2001).

13243.001.784860v3 13 Case No. C 08-00678 JW (HRL)

**DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

By Data Capital's own admission, SafeDesk was not a stranger to the BT relationship; rather, it was a party to it. Data Capital alleges that "the parties jointly prepared and submitted a proposal to BT for sales/licensing of SafeDesk IP owned by DCC," and emphasizes that *both* parties will profit from the business. Complaint, ¶ 8. SafeDesk therefore has a "direct interest or involvement" in the relationship with which it allegedly interfered. As a result, it is incapable of being liable for intentional interference with prospective economic advantage. *Marin Tug & Barge*, 271 F.3d at 832.

The fifth cause of action shall be dismissed with prejudice.

**D. The Sixth Cause of Action Should Be Dismissed Because There is No "Claim" For Injunctive Relief.**

Finally, Data Capital's sixth cause of action, for "injunctive relief," should be dismissed because it is not a cause of action at all. "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168 (1942); *see also Batt v. City and County of San Francisco*, 155 Cal.App.4th 65, 82 (2007). This claim should be dismissed in its entirety.

**IV. THE FOURTH REMEDY IN THE PRAYER FOR RELIEF SHOULD BE STRICKEN.**

Federal Rule of Civil Procedure 12(f) provides that the Court may strike immaterial or impertinent matter. In its fourth request for relief in its prayer, Data Capital seeks "on the sixth cause of action, an issuance of a temporary restraining order, preliminary injunction and permanent injunction." Given that the sixth cause of action is not a legally cognizable claim, this remedy must also be stricken.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

13243.001.784860v3 14 Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

**CONCLUSION**

The Complaint should be dismissed with prejudice. The IP Agreement makes it clear that defendants have done nothing improper; defendants are not Data Capital's fiduciaries; and they were and are allowed to use, practice and profit from the IP and do business for themselves, including with BT.

DATED: February 4, 2008

COBLENTZ, PATCH, DUFFY & BASS LLP

By: / S /
Clifford E. Yin
Attorneys for Defendants
SafeDesk Solutions, Inc. and Phil Autrey

13243.001.784860v3 15 Case No. C 08-00678 JW (HRL)

DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is One Ferry Building, Suite 200, San Francisco, California 94111-4213.

On February 4, 2008, I served true copies of the following document(s) described as

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action as follows:

Julian Pollok
Law Offices of Julian A. Pollok,
A Professional Corporation
1000 Wilshire Boulevard, Suite 620
Los Angeles, California 90017-2463
Telephone: (213) 688-7795
Telecopier: (213) 688-1080

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Coblentz, Patch, Duffy & Bass LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 4, 2008, at San Francisco, California.

/ S /
Debra L. Singleton

13243.001.784860v3 1 Case No. C 08-00678 JW (HRL)
DEFENDANTS' NOTICE OF MTN AND MTN TO: (1) TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (2) TO STRIKE PORTIONS OF THE COMPLAINT; MPAA ISO