CLIFFORD E. YIN (State Bar No. 173159)
ZUZANA S. IKELS (State Bar No. 208671)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-cey@cpdb.com,
       ef-zsi@cpdb.com

Attorneys for Defendants
SafeDesk Solutions, Inc. and Phil Autrey

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| DATA CAPITAL CORPORATION, a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAFEDESK SOLUTIONS, INC., an Oregon Corporation; PHIL AUTREY, an individual; DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No. C 08-00678 JW (HRL)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF ZUZANA S. IKELS IN SUPPORT THEREOF**<br><br>**[F.R.C.P. 12(b)(1) and (6)]**<br><br>Date:　　　June 30, 2008<br>Time:　　　9:00 a.m.<br>Courtroom:　8, Fourth Floor<br>Judge:　　　Hon. James Ware |

13243.001.828536v2                                                                Case No. C 08-00678 JW (HRL)

**DEFENDANTS' MOTION TO DISMISS**

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF DATA CAPITAL CORPORATION AND TO ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on June 30, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Courtroom 8, on the fourth floor, before the Honorable James Ware, defendants SafeDesk Solutions, Inc. and Phil Autrey (collectively "defendants") move this Court to dismiss the First Amended Complaint because this action does not present an actual case or controversy, and for failure to state a claim upon which relief can be granted; pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

The Court should dismiss this action because the sole, remaining claim in the action, for declaratory relief, does not present an actual case or controversy. This Motion will be based on this Notice of Motion, Motion and Memorandum in Support, the Declaration of Zuzana S. Ikels, the pleadings and papers on file herein, and such other and further argument as may be presented at the hearing on this Motion.

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE ISSUE PRESENTED ........................................................................1

THE FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ..........................................1

ARGUMENT ................................................................................................................2

    I.    STANDARD OF REVIEW. ...............................................................................2

    II.    THE COMPLAINT SHOULD BE DISMISSED ON THE GROUNDS THAT THERE IS NO PRESENT CASE OR CONTROVERSY. ............................3

        A.    The Declaratory Relief Act. ..................................................................4

        B.    Plaintiff's Claim Is Moot. ......................................................................5

        C.    The Declaratory Relief Claim Fails The Ripeness Doctrine. .........................6

        D.    The Court Should Abstain From Exercising Its Jurisdiction Over This Matter. ................................................................................8

CONCLUSION .............................................................................................................9

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227 (1937) ............................................................................................................. 3

*Allstate Ins. Co. v. Smith*,
    929 F.2d 447 (9th Cir. 1991) ............................................................................................... 7

*American States Ins. Co. v. Kearns*,
    15 F.3d 142 (9th Cir. 1994) ............................................................................................. 3, 4

*Augustine v. United States*,
    704 F.2d 1074 (9th Cir. 1983) ............................................................................................ 3

*Biodiversity Legal Foundation v. Badgley*,
    309 F.3d 1166 (9th Cir. 2002) ............................................................................................ 5

*Brillhart v. Excess Insurance Co.*,
    316 U.S. 491 (1942) ............................................................................................................. 8

*Calderon v. Ashmus*,
    523 U.S. 740 (1998) ............................................................................................................. 7

*City of Erie v. Pap's A.M.*,
    529 U.S. 277 (2000) ............................................................................................................. 4

*Clinton v. Acequia, Inc.*,
    94 F.3d 568 (9th Cir. 1996) ................................................................................................ 4

*Culinary Workers Union, Local 226 v. Del Papa*,
    200 F.3d 614 (9th Cir. 1999) .............................................................................................. 5

*Digital Envoy, Inc. v. Google, Inc.*,
    2006 U.S. Dist. LEXIS 24865
    (N.D. Cal. March 28, 2006) ............................................................................................ 6, 8

*Doe v. Gallinot*,
    657 F.2d 1017 (9th Cir. 1981) ............................................................................................ 8

*Gasperini v. Center for Humanities*,
    518 U.S. 415 (1996) ............................................................................................................. 7

*Gladwell Governmental Servs. v. County of Marin*,
    2005 U.S. Dist. LEXIS 42276, *4-5 (N.D. Cal October 15, 2005) ..................................... 7

*Government Employees Ins. Co. v. Dizol*,
    133 F.3d 1220 (9th Cir. 1998) (*en banc*) ........................................................................... 8

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, California 94111-4213
415.391.4800 · Fax 415.989.1663

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

*Lee v. State of Oregon*,
 107 F.3d 1382 (9th Cir. 1997)..................................................................................................5

*Levin Metals Corp. v. Parr-Richmond Terminal Co.*,
 799 F.2d 1312 (9th Cir. 1986)..................................................................................................4

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992)..................................................................................................................4

*Maguire v. Hibernia Sav. & Loan Soc.*,
 23 Cal.2d 719 (1944)................................................................................................................7

*Mechling Barge Lines v. United States*,
 368 U.S. 324 (1961)..................................................................................................................8

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
 549 F.2d 884 (3d Cir. 1977)......................................................................................................3

*National Audubon Society, Inc. v. Davis*,
 307 F.3d 835 (9th Cir. 2002)....................................................................................................6

*Paramount Pictures Corp. v. RePlayTV*,
 298 F.Supp.2d 921 (2004)........................................................................................................7

*Principal Life Ins. Co. v. Robinson*,
 394 F.3d 665 (9th Cir. 2005)....................................................................................................3

*Ross v. Alaska*,
 189 F.3d 1107 (9th Cir. 1999)..................................................................................................5

*Seattle Audubon Soc'y v. Moseley*,
 80 F.3d 1401 (9th Cir. 1996)....................................................................................................5

*Smilecare Dental Group v. Delta Dental Plan*,
 88 F.3d 780 (9th Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996) ..........................................3

*Societe de Conditionnement en Aluminum v. Hunter Engineering Co.*,
 655 F.2d 938 (9th Cir. 1981)....................................................................................................7

*Sutliff, Inc. v. Donovan Cos.*,
 727 F.2d 648 (7th Cir. 1984)....................................................................................................3

*Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*,
 594 F.2d 730 (9th Cir. 1979)....................................................................................................3

*United Food & Commercial Workers Local Union Numbers 137, 324, 770, 899, 905, 1167, 1222, 1428, and 1442 v. Food Employers Council, Inc.*,
 827 F.2d 519 (9th Cir. 1987)....................................................................................................4

*West v. Secretary of the DOT*,
 206 F.3d 920 (9th Cir. 2000)....................................................................................................7

*Western Mining Council v. Watt*,
 643 F.2d 618 (9th Cir. 1981)....................................................................................................3

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) .................................................................................................. 8

**STATUTES**

28 U.S. Code Section 2201 ........................................................................................... 4

Federal Rule of Civil Procedure 12(b) .............................................................. 1, 2, 3, 8

**OTHER AUTHORITIES**

10A C. Wright, A. Miller, and M. Kane,
    Federal Practice and Procedure § 2751,
    at 569-71 (2d ed. 1983) ............................................................................................ 4

**STATEMENT OF THE ISSUE PRESENTED**

Defendants previously moved to dismiss the original complaint, and each of the six causes of action, because it was bereft of even one charging allegation that gave rise to a legally cognizable claim.  In lieu of opposing that motion, plaintiff filed a First Amended Complaint ("Complaint") deleting all but one of the causes of action and most of the allegations.  The sole remaining claim, for declaratory relief, is not based upon any facts, but rather an undeveloped conclusion with no allegations of damage or injury to plaintiff.  As such, there is no actual or present controversy between the parties necessitating declaratory relief from the Court. The castaway claim cannot survive the shipwreck.   This action should be dismissed with prejudice.

**THE FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Although defendants deny the allegations of the Complaint, for purposes of this motion, they will assume them to be true.

The amended pleading alleges the following.  Plaintiff Data Capital Corporation ("Data Capital") describes itself as a provider of "IT management solutions and services for large government and telecommunications companies."  Complaint, ¶ 5.  Defendant SafeDesk Solutions Inc. and its president, defendant Phil Autrey, are in the business of, among other things, developing software. *Id*. (Defendants are collectively referred to as "SafeDesk.")  In 2007, Data Capital approached defendants seeking to acquire all of their intellectual property.  On or about June 8, 2007, the parties entered into the IP Asset Sale and Purchase Agreement (the "IP Agreement") (Complaint, ¶ 6), which is attached as Exhibit 1 to the Complaint.

Plaintiff alleges that SafeDesk transferred all of its intellectual property ("IP") to plaintiff under the IP Agreement. *Id.,* ¶ 6.  The original complaint contended that SafeDesk forfeited all rights to use or profit from the intellectual property as a result of the transfer and, therefore, SafeDesk had no rights to exploit its intellectual property. *See* Zuzana S. Ikels Declaration in Support, Exhibit A (Original Complaint), at ¶¶ 11, 14.  Plaintiff also alleged, and continues to allege, that defendants have asserted they are entitled to rescission of the IP Agreement.   The Complaint does not explain what this conclusory statement is based upon, or why they disagree In its original pleading, plaintiff conjectured that, because defendants alleged that the IP Agreement

was rescinded, SafeDesk *might* attempt to "usurp" business with a third party (British Telecommunications) that the parties were jointly pursuing.  Exh. A at ¶¶ 7, 8, 9, 21, 26.

In our first motion to dismiss, defendants pointed out that the IP Agreement (which is attached as Exhibit 1 to the original complaint) contradicted the allegations and claims in plaintiff's pleading in that the contract explicitly required defendants to continue to develop, use and profit from the IP.  *See* Ikels Decl., Exh. A (original complaint), Exh. 1 (the IP Agreement) at Articles III, VIII, and X (examples of provisions in the IP Agreement that not only allowed, but *required*, SafeDesk to continue to use, market and license its IP assets and build its business).) Defendants also observed that plaintiff's claims were founded on a hypothetical — that a potential customer *might not* accept the parties' joint proposal and, potentially, that SafeDesk *might* then seek to do business with that customer separately.

Evidently realizing that both problems were unfixable, plaintiff deleted <u>all</u> these allegations and claims in its amended pleading.  *See*  Ikels Decl., Exh. B (redline comparison of the original complaint and amended complaint). The sole, remaining claim for declaratory relief asks the Court to rule on whether the agreement remains enforceable in light of defendants' assertion that they are entitled to rescission. (Complaint at ¶ 9.)  Noticeably missing from the amended pleadings, however, is an allegation that plaintiff will suffer any current, or even future, injury or damages if the Court does not weigh in on the matter now.  Plaintiff does not even bother to explain how and on what basis SafeDesk contends it is entitled to rescission or why Data Capital disputes that the agreement has been rescinded.  These missing pieces reflect the underlying problem with the entire action –  plaintiff is unable to articulate a present case or controversy.

## ARGUMENT

### I.     STANDARD OF REVIEW.

Defendants move to dismiss this claim because the court "lacks jurisdiction over the subject matter" because there is no present case or controversy, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  When considering a factual attack on subject matter jurisdiction, such as here, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary."

1  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (*citing Thornhill Publ'g Co.,*
2  *Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)).  Plaintiff bears the burden
3  of proving a case or controversy exists.  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241
4  (1937).  In fact, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence
5  of disputed material facts will not preclude the trial court from evaluating for itself the merits of
6  jurisdictional claims."  *Thornhill*, 594 F.2d at 733 (*quoting Mortensen v. First Fed. Sav. & Loan
7  Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

8  Defendants also move to dismiss the claim under Rule 12(b)(6) of the Federal Rules of
9  Civil Procedure because it lacks the necessary factual allegations to support its claim.  The Court
10 may dismiss a complaint as a matter of law for "(1) lack of a cognizable legal theory or
11 (2) insufficient facts under a cognizable legal claim."  *Smilecare Dental Group v. Delta Dental
12 Plan*, 88 F.3d 780, 783 (9th Cir. 1996), *cert. denied*, 519 U.S. 1028 (1996) (citations omitted).
13 Although the Court must accept well-pleaded factual allegations as true for purposes of Rule
14 12(b)(6), it need not accept any unreasonable inferences, unwarranted deductions of fact, or
15 conclusory legal allegations cast in factual terms.  *See Western Mining Council v. Watt*, 643 F.2d
16 618, 623- 624 (9th Cir. 1981).  Conclusory allegations are insufficient because they provide no
17 information with which to determine whether the plaintiff's grievance arises under a legal theory
18 for which the law affords a remedy.  *Sutliff, Inc. v. Donovan Cos.,* 727 F.2d 648, 654 (7th Cir.
19 1984).

## II.   THE COMPLAINT SHOULD BE DISMISSED ON THE GROUNDS THAT THERE IS NO PRESENT CASE OR CONTROVERSY.

Plaintiff's allegations do not give rise to an actual or present controversy.  Under Article III, section 2 of the Constitution, federal courts have subject matter jurisdiction only if they determine there is a case or controversy between the parties.  *Principal Life Ins. Co. v. Robinson,* 394 F.3d 665, 669 (9th Cir. 2005); *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994).

In order to establish that a case or controversy exists, a plaintiff must first show that it has suffered an "'injury in fact'--an invasion of a legally protected interest which is (a) concrete and

particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Second, the injury must be "fairly traceable to the challenged action of the defendant." *Id*. (internal quotation marks omitted).  Third, "it must be 'likely,' as opposed to merely 'speculative,' "that the injury is remediable by appropriate court action.  *Id*.

The case or controversy requirement is hemmed in by several jurisdictional boundaries, including the doctrines of mootness and ripeness. *Kearns*, 15 F.3d at 144.  "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000).  "A case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) ).  Both doctrines dictate a dismissal of this action.

### A.    The Declaratory Relief Act.

The Declaratory Judgment Act "permits a federal court 'in a case of actual controversy within its jurisdiction . . . [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986) (*citing* 28 U.S.C. § 2201).  The Ninth Circuit has recognized that the Declaratory Judgment Act "was enacted to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication without having to wait until he is sued by his adversary."  *Id*.  (citations omitted).

The Act "is intended to minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued …. It permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty and it helps avoid multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants."  *United Food & Commercial Workers Local Union Numbers 137, 324, 770, 899, 905, 1167, 1222, 1428, and 1442 v. Food Employers Council, Inc.,* 827 F.2d 519, 524 (9th Cir. 1987) (*citing* 10A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 2751, at 569-71 (2d ed. 1983)).  The

*purpose* of the Act is to give litigants an early opportunity to resolve issues to avoid "the threat of impending litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1172 (9th Cir. 2002) (*citing Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) (*per curiam*)).

Whenever a party seeks declaratory and injunctive relief, the Ninth Circuit has held that there must exist a "substantial controversy … of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614 (9th Cir. 1999) (determining a substantial controversy exists where plaintiff was threatened with criminal prosecution) (*citing Ross v. Alaska*, 189 F.3d 1107, 1114 (9th Cir. 1999)). These justiciability limitations are reflected in the doctrines of standing, mootness, and ripeness. *Id.* (*citing Lee v. State of Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997)). Thus, the determination of whether the Declaratory Judgment Act applies rests on whether there is an actual case or controversy before the Court which satisfies the jurisdictional requirements. Here, to ask the question is to answer it — the amended pleadings, which did away with all of plaintiff's claims for damages against defendants, indicates that there is no present case or controversy that supports claim.

### B.     Plaintiff's Claim Is Moot.

The purported "controversy" in plaintiff's original complaint was whether defendants were allowed to: (1) use the SafeDesk IP, and, if they do, whether they are entitled to (2) "benefit" from that use, and (3) potentially "benefit" from any business relationship with potential customers. Exhibit 1 (original complaint), ¶ 11. Defendants pointed out in their previous motion to dismiss that the IP Agreement, which was attached as the first exhibit to the original complaint, resolved each of these questions in their favor. Defendants also argued that these allegations did not allege a "present" or ripe controversy because they were based on hypothetical, future events. *Cf.* Exhibit 1 at ¶ 11 *to* Exh. 1, Art. III, ¶ 3, Art. X, ¶ 1.

Not only did plaintiff abandon these allegations in its amended pleading, it did not replace them. Plaintiff no longer alleges that SafeDesk is engaging in any business that will damage or injure Data Capital. Data Capital does not even allege that it is using the intellectual property. The amended pleading merely alleges that "defendants have *asserted* that they are not bound by

the IP Agreement, [and] are entitled to rescind it." Complaint at ¶ 7 (emphasis added). Plaintiff also does not contend how or if it will be damaged if the agreement is rescinded. There is, in other words, no indication as to why this case matters at all.

In *Digital Envoy, Inc. v. Google, Inc.*, 2006 U.S. Dist. LEXIS 24865 (N.D. Cal. March 28, 2006), plaintiff moved to dismiss Google's declaratory relief counterclaim. In prior summary judgment motions, the *Digital Envoy* court had dismissed virtually all of plaintiff's patent claims and ruled that it could not recover any damages against Google. Nevertheless, Google pressed its claim and sought a declaration from the court that it had not breached the IP license agreement between it and plaintiff. The court granted Digital Envoy's motion to dismiss reasoning that, because the claims against Google had been "foreclosed" and Digital Envoy was no longer entitled to any damages, "there is no claim against which [Google] needs protection." *Digital Envoy*, 2006 U.S. Dist. LEXIS 24865, *7. Accordingly, the Court held, the matter was moot as Google had "nothing to gain at this juncture beyond a moral victory . . . [which] simply does not matter." *Id.,* at *9.

This declaratory relief claim here is moot for analogous reasons. By virtue of its dismissal of <u>all</u> its claims for damages, plaintiff has conceded there is no justiciable controversy between the parties that merits this Court's continued involvement. Plaintiff's previous worries -- that SafeDesk *might* enter into another business agreement that *might* harm plaintiff -- have proven to be unfounded or no longer exist. It does not identify any new concerns, nor does it allege that it will suffer damages unless the agreement is deemed enforceable. Judicial review of plaintiff's claim is unwarranted.

### C. The Declaratory Relief Claim Fails The Ripeness Doctrine.

Article III prohibits courts from rendering advisory opinions based on hypothetical facts. The only types of actions that are ripe for adjudication are where "the specific facts surrounding possible actions … will not aid resolution" of the challenges raised and the "injury is established, and the legal arguments are as clear as they are likely to become." *National Audubon Society, Inc. v. Davis*, 307 F.3d 835, 850 (9th Cir. 2002). To be a "controversy," it must be definite and concrete, touching the legal relations of the parties having adverse legal interests. *West v.*

1  *Secretary of the DOT*, 206 F.3d 920, 924 (9th Cir. 2000).  It also must be a real and substantial
2  controversy, admitting of a *specific* relief through a decree of conclusive character, as
3  distinguished from an opinion advising what the law would be upon a hypothetical state of facts.
4  *Id*.  The Ninth Circuit has held that something less than an "actual threat" of litigation is required
5  to meet the "case or controversy" requirement; instead, courts must focus on whether the plaintiff
6  has a "reasonable apprehension" that he or she will be subjected to liability or damages.
7  *Paramount Pictures Corp. v. RePlayTV,* 298 F.Supp.2d 921, 924 (2004) (*citing Societe de
8  Conditionnement en Aluminum v. Hunter Engineering Co.*, 655 F.2d 938, 944 (9th Cir. 1981).).

9     Even assuming the claim is not entirely moot, whatever remains does not constitute a
10 "reasonable apprehension" by plaintiff of damages or liability.  Data Capital is asking the Court to
11 determine, in the abstract, whether the agreement was rescinded, if it was not, whether it is and
12 will be enforceable, as well as a determination of the scope of the parties' rights and
13 responsibilities under it.  This determination will require the Court to hypothesize as to potential,
14 future events that have yet to happen, and may never happen, and then conjecture as to their effect.
15 *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (holding that declaratory judgment does not lie
16 as to validity of defense that might or might not be raised in future proceeding); *Gladwell
17 Governmental Servs. v. County of Marin*, 2005 U.S. Dist. LEXIS 42276, *4-5 (N.D. Cal October
18 15, 2005) (dismissing declaratory relief claims because they were based on theoretical future
19 events that do not create a "present live controversy"); *see also citing Maguire v. Hibernia Sav. &
20 Loan Soc.*, 23 Cal.2d 719 (1944)).[1]  In other words, plaintiff is impermissibly seeking an advisory
21 opinion from the Court.
22     Plaintiff's case is, as pled, premature and the legal arguments are not ripe for adjudication.

---

[1] For purposes of this motion to dismiss, California law applies.  Because this is a diversity suit, the Court applies the substantive law of California.  *Gasperini v. Center for Humanities*, 518 U.S. 415, 427 (1996); *Allstate Ins. Co. v. Smith*, 929 F.2d 447, 449 (9th Cir. 1991).  The Complaint arises from and is based on the IP Agreement, which contains a California choice of law provision. Exh. 1, Art. XII, ¶ 5.  Defendants reserve all rights with respect to what law applies if this matter moves past the pleadings stage.

In the absence of a present live controversy, there can be no legally cognizable interest in the outcome of the case. The entire action should be dismissed, pursuant to both 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### D. The Court Should Abstain From Exercising Its Jurisdiction Over This Matter.

Even assuming there was a sufficient case or controversy, a district court is afforded a degree of discretion to decline to exercise its jurisdiction over a declaratory relief claim. The Supreme Court has noted, and the Ninth Circuit recognized, that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (*en banc*), *quoting Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *Doe v. Gallinot*, 657 F.2d 1017, 1024-25 (9th Cir. 1981) (*citing Mechling Barge Lines v. United States*, 368 U.S. 324, 331 (1961); *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 494-98 (1942).

In determining whether to exercise its jurisdiction, the Ninth Circuit has instructed that the factors enumerated in *Brillhart* remain the "philosophic touchstone" for the district court. *Dizol*, 133 F.3d at 1225, *citing Brillhart*, 316 U.S. 491, 495. The factors a court may consider include "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage. . .." *Dizol*, 133 F.3d at 1225 n.5.

In this case, even if plaintiff had established a basis for jurisdiction, the Court should decline to exercise its discretion to adjudicate the declaratory relief requested. There is no useful purpose that will be served in clarifying the parties' relations at this juncture, when there is no actual controversy giving rise to a claim for damages. This action appears to be, at worst, for the purpose of setting up "procedural fencing" that the Ninth Circuit warns against. *See Dizol*, 133 F.3d 1220, 1222; *see also Digital Envoy*, *supra*, *12 (the court declined to exercise its jurisdiction because "neither party, in a practical sense, needs further judicial review of its respective rights and responsibilities under the contract at this point"). Under the most generous reading of the

1  Complaint, plaintiff is seeking a declaration as to the viability and enforceability of the IP
2  Agreement in various, undefined hypothetical states of facts.  This poses an impossible task for the
3  Court and an inefficient use of judicial resources.

## **CONCLUSION**

For the forgoing reasons, the Complaint should be dismissed with prejudice.  There is no present case or controversy that merits the Court's judicial review.

DATED: March 31, 2008                     COBLENTZ, PATCH, DUFFY & BASS LLP


By:  _____/s/_____
   Clifford E. Yin
   Attorneys for Defendants
   SafeDesk Solutions, Inc. and Phil Autrey